**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| LAWRENCE PICKENS | : | |
| Appellant | : | No. 2178 EDA 2025 |

Appeal from the PCRA Order Entered August 14, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002510-2016

BEFORE:   McLAUGHLIN, J., SULLIVAN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY SULLIVAN, J.:                    **FILED JULY 21, 2026**

Lawrence Pickens ("Pickens") appeals from the order dismissing his untimely second PCRA petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Because Pickens failed to demonstrate an exception to the PCRA's jurisdictional time-bar, neither the PCRA court nor this Court has jurisdiction over his untimely petition.  Consequently, we affirm the dismissal order.

This Court set forth the factual and procedural history of this case in Pickens's prior PCRA appeal:

> [Pickens] was convicted of first-degree murder, and related offenses, based on evidence that he shot and killed Moses McMillan [("McMillan")] . . .. Principal to the Commonwealth's case was a statement provided by the mother of [Pickens's] child, Ra'Shonda Mack [("Mack")].  Mack was present during the fight,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

and she later told investigators that she saw [Pickens] there with a gun, and that he had confessed to her that he shot McMillan.

. . . Mack gave her statement implicating [Pickens] during an interview conducted by two detectives, including Philadelphia Police Detective James Pitts [("Detective Pitts")]. ***Notably, Detective Pitts did not testify at [Pickens's] trial, and in Mack's testimony, she recanted the statement she had provided to the detectives.*** Specifically, Mack testified that "she never identified [Pickens] as [the] shooter, or described him as possessing a weapon, explaining that at the time of her interview, she was 17, under pressure, [and] had detectives all over [her] . . .." ***Notwithstanding Mack's recantation, four other individuals present at the fight identified [Pickens] at trial as the shooter.*** Based on this evidence, the jury convicted him of first-degree murder [and related offenses].

[Pickens] was sentenced . . . to an aggregate term of life imprisonment . . . . [T]his Court affirmed his judgment of sentence on April 22, 2019. ***See Commonwealth v. Pickens***, 216 A.3d 407 (Pa. Super. 2019) (unpublished memorandum). [Pickens] did not petition for allowance of appeal with our Supreme Court. Thus, his judgment of sentence became final on May 22, 2019.

[Pickens] filed a [timely] *pro se* PCRA petition. He subsequently retained private counsel, who filed an amended petition on his behalf. Therein, [Pickens] alleged that he had discovered new evidence that Detective Pitts had been found to have engaged in a pattern or practice of coercive interrogation tactics in other cases, namely ***Commonwealth v. Thorpe***, No. CP-51-CR-0011433-2008 (Phila. Cty. filed Nov. 3, 2017) (PCRA court's granting relief after finding that Detective Pitts had engaged in coercive conduct when interviewing witnesses in that case and other cases). [Pickens] further claimed that Detective Pitts'[s] conduct in the ***Thorpe*** case supported the veracity of a statement that [Pickens] had obtained (via a private investigator) from Mack on October 26, 2020. Specifically, during a telephone call, Mack allegedly told [Pickens's] private investigator that Detective Pitts had been "disrespectful and threatened [her] several times" during her interview. Mack elaborated that Detective Pitts had threatened that she would not graduate high school and that he would take her daughter away from her. Mack stated that she was only 17 at the time of her interview, and that her parents were not present. She claimed that, based on

- 2 -

Detective Pitts'[s] threats, she signed the statement implicating [Pickens]. Mack explained that the statement she signed was not true, and that she "testified to that during [Pickens's] trial." [Pickens's] investigator stated that he had twice tried to contact Mack for the purpose of getting her to sign her . . . statement, but he was unable to do so.

. . . [T]he court [later] issued an order dismissing his petition.

***Commonwealth v. Pickens***, 276 A.3d 207 (Pa. Super. 2022) (unpublished memorandum at *1-*2) (internal citations omitted; emphases added). This Court affirmed the PCRA court's order dismissing Pickens's petition as untimely and held in the alternative that the claim regarding Detective Pitts merited no relief. ***See id***. at *3-*4. Pickens petitioned our Supreme Court for review, which that Court denied, in September 2022. ***See*** Order, 284 A.3d 882 (Pa. 2022).

On March 3, 2025, Pickens filed a subsequent, counseled, PCRA petition in which he again raised a claim related to Detective Pitts, who had since been found guilty of perjury and obstruction, and a claim asserting the Philadelphia District Attorney's Office's purported practice of not documenting statements by witnesses it deemed not credible. ***See*** Amended Successive PCRA Pet., 3/3/25, at 5, 13, 17-20. The PCRA court issued a Rule 907 notice of intent to dismiss the petition as untimely and, in any event, meritless. ***See*** Rule 907 Notice, 7/3/25. Pickens did not respond to the notice, and the court dismissed the petition on August 14, 2025. Pickens timely appealed. The PCRA court

did not order him to file a Rule 1925(b) concise statement of errors complained of on appeal.

Pickens raises the following issues for our review:

1. Did the PCRA court err when it found that former Det[ective] Pitts['s] conviction for perjury and obstruction was not a timely newly discovered fact?

2. [Pickens's] constitutional rights under the Fifth and Fourteenth Amendments were violated by the Commonwealth's suppression of evidence of Det[ective] Pitts['s] history of misconduct[?]

3. Did the PCRA court err when it found untimely [a] newly discovered pattern and practice of not documenting all witness interviews and suppressing that information violating [Pickens's] Fifth and Fourteenth Amendment rights[?]

4. Did the PCRA court err in not considering the cumulative impact of the above claims?

Pickens's Brief at 7 (unnecessary capitalization omitted).

Our standard of review of an order dismissing a PCRA petition is well-settled:

Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. We view the record in the light most favorable to the prevailing party in the PCRA court. We are bound by any credibility determinations made by the PCRA court where they are supported by the record. However, we review the PCRA court's legal conclusions *de novo*.

***Commonwealth v. Staton***, 184 A.3d 949, 954 (Pa. 2018) (internal citations and quotations omitted). The PCRA petitioner "has the burden to persuade this Court that the PCRA court erred and that such error requires relief."

*Commonwealth v. Wholaver*, 177 A.3d 136, 144–45 (Pa. 2018) (internal citations omitted). Further, "it is well settled that this Court may affirm a valid judgment or order for any reason appearing as of record." *Id*. at 145 (internal citation omitted). *See also Commonwealth v. Hamlett*, 234 A.3d 486, 493 (Pa. 2020) (affirming the right-for-any-reason doctrine).

As an initial matter, we must first determine whether Pickens timely filed the present petition such that we have jurisdiction over his appeal. *See Commonwealth v. Rivera*, 324 A.3d 452, 467 n.16 (Pa. 2024) (noting that "[i]t is well settled that the PCRA's time requirements are jurisdictional in nature; therefore, we may address them *sua sponte*"); *Commonwealth v. Ballance*, 203 A.3d 1027, 1032 (Pa. Super. 2019) (stating the same). Under the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010); *see also Commonwealth v. Woolstrum*, 271 A.3d 512, 513 (Pa. Super. 2022) (providing that "[i]f a PCRA petition is untimely, courts lack jurisdiction over the petition") (internal citations omitted).

Pennsylvania courts may nevertheless consider an untimely PCRA petition if the petitioner can plead and prove one of three exceptions set forth in section 9545(b)(1)(i)-(iii), and he filed his PCRA petition invoking a

timeliness exception within one year of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(2); *see also Commonwealth v. Williamson*, 21 A.3d 236, 242 (Pa. Super. 2011) (holding that "a petitioner invoking section 9545(b)(1)[] *must still comply with section 9545(b)(2)* by presenting the claim within [one year] of discovering the new fact") (internal citations omitted; emphasis in original).[2]

There is no dispute that Pickens's judgment of sentence became final in May 2019, when the thirty days to seek allowance of appeal expired. *See Pickens*, 276 A.3d 207 at *1. Accordingly, Pickens's second PCRA petition is facially untimely, and, therefore, the PCRA required Pickens to plead and prove an exception to its timeliness requirement to invoke the PCRA court's jurisdiction over his petition.

The newly discovered fact and governmental interference exceptions to the PCRA's timeliness requirements provide that a petitioner must plead and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence[.]

_____

[2] Section 9545(b)(2) has since been amended following *Williamson* to provide for one year rather than sixty days.

42 Pa.C.S.A. § 9545(b)(1)(i), (ii).

The focus of the newly discovered facts exception is on new facts; therefore, the discovery of new sources for previously known facts will not establish a timeliness exception. *See Commonwealth v. Marshall*, 947 A.2d 714, 720 (Pa. 2008); *Commonwealth v. Lopez*, 249 A.3d 993, 1000 (Pa. 2021). Due diligence demands that the petitioner take reasonable efforts to protect his own interests and explain why he could not have learned the new facts earlier despite such efforts. *See Commonwealth v. Medina*, 92 A.3d 1210, 1216 (Pa. Super. 2014) (*en banc*); *see also Commonwealth v. Sanchez*, 204 A.3d 524, 527 (Pa. Super. 2019) (concluding the petitioner had failed to show due diligence where he did not explain how the facts "could not have been ascertained sooner by the exercise of due diligence"). The petitioner's inability to ascertain a fact by the exercise of due diligence is a factual question for the PCRA court. *See Commonwealth v. Branthafer*, 315 A.3d 113, 128 (Pa. Super. 2024).

With respect to the governmental interference exception, while a *Brady* claim[3] may satisfy the governmental interference exception, the petitioner must still plead and prove that the failure to previously raise the claim was the result of interference by government officials, and that the information

---

[3] *See Brady v. Maryland*, 373 U.S. 83 (1963) (holding that the prosecution may not suppress evidence favorable to an accused when the evidence is material to guilt or punishment, and that the prosecution has a duty to disclose such evidence regardless of whether the accused has requested it).

could not have been obtained earlier with the exercise of due diligence. *See Commonwealth v. Smith*, 194 A.3d 126, 133 (Pa. Super. 2018) (holding that *Brady* claims are still subject to the PCRA's governmental interference provision); *accord Commonwealth v. Kennedy*, 266 A.3d 1128, 1135 (Pa. Super. 2021) (stating that governmental interference claims require a showing of due diligence).

Pickens first asserts he timely raised the newly discovered fact exception. He argues that although he previously raised a claim concerning Detective Pitts's misconduct, the new fact at issue herein is the detective's convictions for obstruction and perjury in unrelated cases. *See* Pickens's Brief at 13. Pickens argues he exercised due diligence in uncovering the convictions because, once Detective Pitts was convicted, and within one year of the conviction, Pickens filed the instant PCRA petition. *See id*. at 17. Pickens further argues the Commonwealth suppressed evidence of Detective Pitts's misconduct in 2003, 2012, 2013, and 2018, in violation of *Brady*. *See id*. at 26-27.[4]

The PCRA court concluded these claims were time-barred. It reasoned that, *inter alia*, Pickens had raised in his prior PCRA petition the issue of Detective Pitts's history of misconduct, and the new convictions "merely

---

[4] While Pickens quotes the governmental interference exception in the "Legal Standards" section of his brief, he does not develop this exception in his brief, but rather focuses on the Commonwealth's alleged *Brady* violation. *See* Pickens's Brief at 26-31.

corroborate[] what [Pickens] acknowledges he knew when he filed his prior PCRA petition[.]" PCRA Court Opinion, 8/14/25, at 7.

Following our review, we conclude the record supports the PCRA court's determination that Pickens failed to establish a timeliness exception to invoke the PCRA court's jurisdiction over his petition. With respect to the newly-discovered fact and governmental interference claims regarding Detective Pitts, Pickens asserted the same underlying facts—namely, Detective Pitts's misconduct in unrelated cases and his alleged misconduct in this case—in his prior counseled PCRA petition, filed in 2021. *See* PCRA Pet., 2/4/21, at ¶¶ 17, 24-26 (asserting Detective Pitts "routinely employs a habit and pattern of abusing people into signing false statements," and averring that in this case Detective Pitts did the same with Mack).

The PCRA court, and subsequently this Court also, previously determined Pickens had failed to plead due diligence and also failed to show why he could not have obtained this information earlier, given the case Pickens earlier relied on, ***Commonwealth v. Thorpe***, No. CP-51-CR-11433-2008 (Phila. Cty. Nov. 3, 2017)—which evinced Detective Pitts's misconduct— became public record in 2017, yet Pickens only obtained the private investigator who took Mack's statement in October 2020. ***See Pickens***, 276 A.3d 207 at *3.

The record supports the PCRA court's conclusion that Pickens failed to establish the newly discovered fact, and governmental interference,

exceptions because Pickens undoubtedly knew of Detective Pitts's misconduct in other cases, and alleged misconduct in this case, no later than when he filed far back as his prior counseled PCRA petition in 2021, asserting therein that misconduct. Thus, for purposes of the present petition, Pickens cannot show that the fact of Detective Pitts's misconduct was previously unknown or that the Commonwealth interfered with his ability to raise the instant claim earlier, **because he previously raised a claim premised on the same misconduct**. Accordingly, Pickens's first allegation of a timeliness exception fails. **See Lopez**, 249 A.3d at 1000.[5]

Secondly, Pickens argues that "[i]t was disclosed for the very first time [in November 2021] . . . in court filings" in an unrelated case that the Commonwealth had a policy of not memorializing oral statements by witnesses deemed incredible, and not informing defense attorneys of this fact. **See** Pickens's Brief at 31-32. Pickens argues that he could not have raised this claim prior to September 2022 because the Supreme Court had not decided his petition for allowance of appeal until then and, consequently, he would have been precluded from filing a new PCRA petition before then. **See**

_____

[5] This Court also held in the alternative that even if Pickens's claim regarding Detective Pitts's misconduct in other cases, and his alleged coercion of Mack, were timely, it would be substantively meritless given the four other witnesses who identified Pickens as the shooter, which was sufficient, even absent Mack's testimony, to convict Pickens. **See Pickens**, 276 A.3d 207 at *3-*4. Thus, this claim, even if timely, is not a basis for relief because it is previously litigated. **See** 42 Pa.C.S.A. § 9543(a)(3) (requiring that an allegation of error not be previously litigated or waived).

- 10 -

*id*. at 33. He asserts that he thereafter exercised reasonable diligence in bringing the claim.

The PCRA court considered this issue and determined it is insufficient to establish an exception to the PCRA's timeliness requirement. The court explained that by Pickens's own admission, the DAO's practice of not documenting incredible witness statements was disclosed in November 2021, and Pickens gave no account of what actions he took between September 2022, when our Supreme Court denied review of the dismissal of Pickens's prior PCRA petition, and March 2025, when he filed the petition *sub judice* in which he raised this issue. **See** PCRA Court Opinion, 8/14/25, at 8-9. To the extent Pickens couched this exception in terms of a **Brady** claim, the court likewise concluded Pickens failed to show how the government prevented him from raising this claim sooner. **See id**. at 9.

Based on our review, we conclude the record again supports the PCRA court's determination that Pickens failed to establish a timeliness exception based on the DAO's undisclosed practice of not documenting what it adjudged to be incredible witness statements. Specifically, while Pickens states he could not have raised this claim earlier than September 2022, and baldly asserts reasonable diligence, he gives no accounting of: what steps he took between September 2022 and the filing of his petition in March 2025 to discover this fact; when he discovered this asserted fact; or whether the petition was filed within one year of his discovery of the DAO's practice. **See generally**

Pickens's Brief at 31-38. Our review of Pickens's PCRA petition reveals the same. **See** Amended PCRA Pet., 3/3/25, at 17-22. As such, Pickens has failed to plead an exception to PCRA's jurisdictional time-bar, and, accordingly, he did not invoke the PCRA's jurisdiction over his facially untimely second petition. **See Sanchez**, 204 A.3d at 527 (Pa. Super. 2019) (discussing due diligence); 42 Pa.C.S.A. § 9545 (b)(2) (requiring that claims be raised within one year of when they could have been presented).

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/21/2026